UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PATRIOT DSV HOLDINGS, LLC AND ALLIANCE OFFSHORE, L.L.C., AS OWNERS AND OPERATORS OF THE M/V TRITON PATRIOT, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. <br><br> SECTION <br><br> JUDGE <br><br> MAGISTRATE JUDGE |

**VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

The Complaint of Patriot DSV Holdings, LLC and Alliance Offshore, L.L.C. (hereinafter "Limitation Petitioners"), as owners and operators of the M/V TRITON PATRIOT (the "Vessel"), in a cause of exoneration from or limitation of liability, civil and maritime, allege upon information and belief as follows:

1.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

2.

At all times hereinafter mentioned, Limitation Petitioners were, and now are, limited liability companies organized and existing under and by virtue of the laws of State of Louisiana and, at all times relevant herein, were owners and operators of the Vessel.

3.

The Vessel is a diving support vessel bearing IMO No. 7030731 with principal dimensions of 156.6 feet overall length and 38.0 feet maximum breadth.

4.

Prior to and at all times hereinafter described, Limitation Petitioners exercised due diligence to make and maintain the Vessel in all respects seaworthy; and at all times hereinafter described, the Vessel was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged until the occurrence of the incident hereinafter described.

5.

On January 6, 2024, Marvin Reed, Captain Christopher Boutwell and Kenderick Rogers departed the vessel, headed on shore leave, and consumed alcohol in violation of company policy.

6.

While on shore and consuming alcohol in violation of company policy, Reed, Captain Boutwell, and Rogers were outside the course and scope of employment.

7.

While in violation of company policy and outside the course and scope of employment, Reed and Captain Boutwell began to argue and became engaged in an altercation with Rogers watching matters unfold.

8.

Upon information and belief, Captain Boutwell killed Reed during the altercation which was witnessed by Rogers and occurred outside the scope of employment for all involved.

9.

The Vessel was not damaged, lost, or abandoned in the aforementioned incident and was valued at $980,000.00 as of the date of the incident. Further, there was no pending freight recovered or recoverable in the incident.

10.

Venue is proper pursuant to Supplemental Rule F(9), as the Vessel has not been attached or arrested, no suit has been filed against Limitation Petitioners, and the Vessel is located within the Eastern District of Louisiana at the time of this filing.

11.

Limitation Petitioners are, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Complaint.

12.

The incident, any personal injury, contingent losses and all other losses, damages, expenses and costs resulting therefrom were not caused or contributed to by any fault, negligence, unseaworthiness, or lack of due care on the part of Limitation Petitioners, the Vessel, or any person for whom or which Limitation Petitioners were or might be responsible under the circumstances.

13.

The incident, any physical damage, loss of life, personal injury, contingent losses and all other losses, damages, expenses and costs resulting therefrom, were caused and occurred without the privity or knowledge of Limitation Petitioners.

14.

This Complaint is timely filed.

15.

The value of Limitation Petitioners' interest in the vessel following the casualty described above is $980,000.00.

16.

The total of pending freight/hire for this voyage is $ Ø.

17.

Subject to an appraisal of their interests, Limitation Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking (LOU) in the sum of $980,000.00, plus interest at six percent (6%) per annum from the date of said LOU, said sum representing the total value of the Vessel, its appurtenances, and pending freight following the casualty.

18.

Limitation Petitioners have a reasonable basis upon which to believe it possible that claims will be asserted and prosecuted against them in amounts exceeding the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of liability.

19.

Limitation Petitioners claim exoneration from liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforesaid incident and for any and all claims therefor. Limitation Petitioners aver that they have valid defenses thereto on the facts and on the law. Alternatively, without admitting but affirmatively denying all liability, Limitation

Petitioners claim the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of Title 46 of the United States Code (46 U.S.C. §§ 30501, *et seq.*), and the various statutes supplemental thereto and amendatory thereof, and to that end, Limitation Petitioners herewith submit with the Court, as security for the benefit of potential claimants, the aforementioned LOU.

20.

Should it later appear that Limitation Petitioners are or may be liable and that the amount or value of their interest in the Vessel and its pending freight, as aforesaid, is not sufficient to pay all losses in full, then claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

21.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Limitation Petitioners pray that:

(1)    This Court issue an Order approving the LOU submitted to the Court by Limitation Petitioners as security for the amount of value of their interest in the Vessel and its pending freight;

(2) This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Petitioners a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Petitioners and their underwriters, and/or against the Vessel, her officers and crew or against any employee or property of Limitation Petitioners except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid incident;

(4) This Court adjudge that Limitation Petitioners and their underwriters are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the incident, or for any claim therefor in any way arising out of or resulting from the aforesaid incident;

(5) The Court in this proceeding will adjudge that Limitation Petitioners and their underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the incident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid incident; or if Limitation Petitioners and their underwriters shall be adjudged liable,

then that such liability be limited to the amount or value of Limitation Petitioners' interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the incident, and that Limitation Petitioners and their underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Petitioners and their underwriters from all further liability; and

(6) Limitation Petitioners may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*s/ Thomas K. Morrison*
Thomas Kent Morrison (LA Bar #25802)
Colin B. Cambre (LA Bar #31083)
Carlos J. Saravia (LA Bar # 37530)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: morrisok@phelps.com
    cambrec@phelps.com
    saraviac@phelps.com

**ATTORNEYS FOR LIMITATION PETITIONERS, PATRIOT DSV HOLDINGS, LLC AND ALLIANCE OFFSHORE, L.L.C.**